## Stephen D. Comins *vs.* Turner's Falls Company.

Franklin.    Sept. 17, 1884. — Jan. 9, 1885.    C. Allen & Colburn, JJ:, absent.

The St. of 1791, *c*. 32, incorporated a navigation company ; authorized it to build such dams, locks, and canals as were necessary for its purposes ; and provided a special remedy for all persons injured in their property by the works of the corporation, by an application to a certain court.    The St. of 1880, *c*. 148, legalized the existing dams, locks, and canals of the corporation ; authorized it to construct other dams, locks, and canals for the purpose of creating a waterpower to use or to lease for manufacturing purposes ; provided that, for those purposes, the corporation should have all the powers and privileges, and be subject to all the duties, liabilities, and restrictions, set forth in the general laws relating to manufacturing and other corporations ; relieved the corporation from the obligation to support its dams, locks, and canals for the purposes of navigation ; and discontinued its canal as a navigable highway.    *Held*, that the remedy of a person injured by the raising of its dam by the corporation, after the passage of the later statute, was by a complaint under the mill act, Pub. Sts. *c*. 190.

COMPLAINT under the mill act, Pub. Sts. *c*. 190, for flowage. Trial in the Superior Court, before *Mason*, J., who ruled, upon

the respondent's motion, that the complaint could not be maintained, and dismissed the same; and the complainant alleged exceptions. The facts appear in the opinion.

C. C. Conant, (S. D. Conant with him,) for the complainant.

A. De Wolf, for the respondent.

MORTON, C. J. The St. of February 23, 1792, incorporated "the Proprietors of the Locks and Canals on Connecticut River" for "the purpose of rendering Connecticut River passable for boats and other things." The corporation was authorized to build such dams, locks, and canals as were necessary for this purpose. The act provided a special remedy for all persons injured in their property by the works of the corporation, by an application to the Court of General Sessions of the Peace for Hampshire County. St. 1791, c. 32. In February, 1794, the corporation was divided into two corporations, the one whose dam was at what is now called Turner's Falls taking the corporate name of "the Proprietors of the Upper Locks and Canals on Connecticut River in the County of Hampshire," and having all the rights, powers, duties, and liabilities given and imposed by the original act of incorporation. St. 1793, c. 70. In 1866 the name of this corporation was changed to the "Turner's Falls Company." St. 1866, c. 275. This statute also provided that the corporation should "have all the powers and privileges, and be subject to all the duties, restrictions, and liabilities, set forth in the general laws, which now are, or may hereafter be, in force, relating to manufacturing corporations."

A new act was passed in 1880, more clearly defining its rights and duties, which was duly accepted by it. St. 1880, c. 148. The rights of the parties in this case accrued after the passage of this statute, and are to be governed by its provisions.

The St. of 1880 provided that "the Turner's Falls Company may maintain and use its dams, locks, and canals, as at present constructed, or any portion thereof, and may construct other dams, locks, and canals connected therewith, for the purpose of creating a water-power to use, or lease to other persons or corporations, for mechanical or manufacturing purposes. And for the purposes aforesaid the said Turner's Falls Company shall have all the powers and privileges, and be subject to all the

duties, liabilities, and restrictions, set forth in chapter sixty-eight of the General Statutes and the acts in amendment thereof and in addition thereto, and chapter two hundred and twenty-four of the acts of the year eighteen hundred and seventy and the acts in amendment thereof and in addition thereto." The laws referred to are the general laws then in force concerning manufacturing and other corporations. Section 2 relieved the corporation from the obligation to support its locks, dams, and canals for the purposes of navigation, and its canal was discontinued as a navigable highway.

Under this statute, the proper remedy of any person injured by the raising of the respondent's dam is by an application to the Superior Court, under the mill act. If the respondent was carrying on its operations under the charter of 1792 or that of 1794, the argument would be strong, if not conclusive, that the only remedy for a person injured was the remedy provided by the charter. But the respondent is not so operating. Under the charter, it was a navigation company ; it had no power to erect, maintain, or raise dams for manufacturing purposes ; and naturally, the charter makes no provision for a remedy to a person injured by the raising of the dam to supply a head of water for manufacturing purposes. The St. of 1880 worked a fundamental change in the rights, duties, and liabilities of the respondent. It converted it from a navigation company into a water-power or manufacturing company. It legalized its existing dams, and authorized it to make other dams and canals for manufacturing purposes ; but it carefully provided that, in doing so, it should be subject to all the duties, liabilities, and restrictions which are imposed upon other corporations. It cannot be presumed that the Legislature intended to retain, as a part of this statute, the obsolete remedy provided by the original charter. On the contrary, it is clear that its intention was to put this corporation upon the same footing as other similar corporations. There was no occasion in the statute to make special provision for a remedy to a person injured, because the mill act provides a remedy in all cases where a person or corporation injures another by building, maintaining, or raising a dam. It does not in express terms make it subject to the mill act, but it does by reasonable implication. If, as the complaint alleges, the respondent has raised

its dam, it has done so solely by virtue of the power conferred by the St. of 1880, and it is subject to the same liabilities as other corporations, one of which is to answer under the mill act for any injury done by such raising.

*Exceptions sustained.*