STEPHEN D. COMINS *vs.* TURNER'S FALLS COMPANY.

Franklin.    Sept. 21. — Oct. 21, 1886.    DEVENS & W. ALLEN, JJ.,
absent.

The St. of 1791, *c.* 32, incorporated a navigation company, and authorized it to
build such dams, locks, and canals as were necessary for its purposes. The
St. of 1880, *c.* 148, which was accepted by the corporation, provided that the
corporation might maintain and use its dams, locks, and canals "as at present
constructed;" authorized it to construct other dams, locks, and canals for the
purpose of creating a water power to use or to lease for manufacturing purposes;
provided that, for those purposes, the corporation should have all the powers
and privileges, and be subject to all the duties, liabilities, and restrictions, set
forth in the general laws relating to manufacturing and other corporations;
relieved the corporations from the obligation to support its dams, locks, and
canals for the purposes of navigation; and discontinued its canals as a navigable
highway. *Held,* that the corporation, by accepting the St. of 1880, waived its
right to build and maintain its dam at a greater height than that of the dam
when the statute was passed; and that, if it did so, a person injured thereby
could maintain a complaint under the mill act, Pub. Sts. *c.* 190.

COMPLAINT, dated November 19, 1883, under the mill act,
Pub. Sts. *c.* 190.    Trial in the Superior Court before *Staples,* J.,
who allowed a bill of exceptions, in substance as follows:

The respondent was incorporated by the St. of 1791, *c.* 32, as
a navigation company, and was authorized to maintain dams
across the Connecticut River at Turner's Falls.    It built a dam
soon after 1792.

The complainant is the owner of a tract of meadow land on
said river, above said dam, and derived his title under three
deeds: the first, dated October 22, 1851, from the respondent to
one Severance; the second, dated January 1, 1853, between the
same parties, each containing covenants of warranty and against
incumbrances, and reserving a right of way; and the third, dated
April 1, 1868, from Severance to the complainant.

The St. of 1880, *c.* 148, which was duly accepted by the re-
spondent, was as follows:

"Section 1.    The Turner's Falls Company may maintain and
use its dams, locks, and canals, as at present constructed, or any
portion thereof, and may construct other dams, locks, and canals
connected therewith, for the purpose of creating a water power
to use or lease to other persons or corporations for mechanical or

manufacturing purposes. And for the purposes aforesaid the said Turner's Falls Company shall have all the powers and privileges and be subject to all the duties, liabilities, and restrictions set forth in" the Gen. Sts. c. 68, "and acts in amendment thereof and in addition thereto, and" the St. of 1870, c. 224, "and the acts in amendment thereof and in addition thereto; but this grant shall in no wise impair the legal rights of any stockholder in said company.

"Section 2. The Turner's Falls Company is hereby relieved from the obligation to support its locks, dams, and canals, for the purposes of navigation, and its said canal is hereby discontinued as a navigable highway.

"Section 3. This act shall not take effect until it is accepted by a majority in interest of the stockholders present or lawfully represented and voting at a legal meeting called for that purpose."

The waters of the dam have been used exclusively for mechanical and manufacturing purposes since 1866. The dam, canal, and locks have not been used for navigation purposes since 1854.

The complainant offered evidence tending to show that his land mentioned in the complaint had been flowed by water since the latter part of 1881, and in the year 1882, to a higher point than before those dates since the spring of 1867, doing injury thereto; and that the dam, as raised by the respondent as hereinafter stated, caused said flowage.

It further appeared in evidence, that the respondent, commencing in August, 1880, and finishing the work in August or September, 1882, raised seven inches in its effective height the dam which had been erected in 1866 and 1867, and which had from that time been maintained at the same height down to the time of the raising aforesaid; that the respondent had maintained a dam across the Connecticut River for about ninety years;' that the dam erected by the respondent in 1866 and 1867 was near, but not on the exact site of, the former one; and that the former dam, at the time the erection of the new one in 1866 and 1867 was commenced, was out of repair and uneven upon the top, and had not been much used since 1854.

The respondent offered evidence tending to show that the dam built in 1866 and 1867 was constructed at a lesser height than

was the former dam; and that the dam of 1866 and 1867, as it existed at the date of filing the complaint, and since that time, was not, in its effective height, higher than the former dam, if it was as high.

The respondent admitted that the dam, at the date of filing the complaint and ever since, was higher in its effective height than said dam of 1866 and 1867; and that, by reason of the raising thereof, the land of the complainant had been flowed more than it was subsequently to 1867, and prior to 1881 and 1882.

The judge ruled, that, if the dam, as built and maintained in and after 1866 and 1867, was effectively raised by the respondent in 1881 and 1882, and thereby flowed the complainant's land, doing damage, it presented a case under the mill act; and excluded the evidence offered by the respondent, as not tending to show a substantive defence to the complaint.

The jury found for the complainant; and also found specially that the effective height of the dam, as built in 1866 and 1867, and maintained in 1880, was increased by the respondent seven inches in the year 1882.

The respondent alleged exceptions.

*A. De Wolf,* for the respondent.

*C. C. Conant & S. D. Conant,* for the complainant.

MORTON, C. J. The purpose of the Legislature, in passing the St. of 1880, *c.* 148, was to change the Turner's Falls Company from a navigation company into a manufacturing company, to authorize it to maintain its dams at the height existing at the time the act was passed, and, as to all future operations of the company, to put it upon the same footing with the other manufacturing companies of the State.

The court accordingly held, at the former hearing of this case, that if the complainant was injured by the raising of the respondent's dam after the act was passed and accepted by the corporation, his remedy was by an application to the Superior Court under the mill act. *Comins* v. *Turner's Falls Co.* 138 Mass. 222.

The contention of the respondent, that it has a perpetual right to maintain a dam at the height of the old dam erected under its original charter, is inconsistent with the purpose and spirit of

the St. of 1880. The statute relieved the company from its obligations as a navigation company, and definitely fixed the height at which it could maintain its dam for manufacturing purposes, and made it for the future subject to all the duties and liabilities of manufacturing companies under our laws. The only reasonable implication is, that, if it raises its dam beyond the height then established, it shall, like other manufacturing companies, be liable to respond in damages to a party injured, upon a complaint in the Superior Court under the mill act. By accepting the act, the company waived and abandoned its right under its old charter to build and maintain a dam at a greater height, without compensation to parties injured thereby. The ruling of the Superior Court, therefore, was correct.

The respondent now contends that, as the complainant derives his title from one Severance, to whom the company conveyed in 1851 and 1853, the complainant now " holds the land subject to such rights of flowage as existed at the time of the sale of the land by the respondent." The deeds to Severance were deeds in which the company warrants against all incumbrances, and reserves a right of way. The bill of exceptions does not state any of the circumstances of the sale or the condition of the land, or the extent to which it was flowed. Upon the facts stated in this bill of exceptions, we can see no ground upon which it can be held that there was an implied reservation to flow the land by a dam as high as the former dam. But we do not discuss it, because it does not appear that any question as to the construction and effect of these deeds was raised at the trial.

*Exceptions overruled.*